IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SCOT A. SHELTON,

Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

8:19CV16

MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2), Filing No. 21. Defendant Union Pacific Railroad Company (Union Pacific) opposes the motion, Filing No. 23, and seeks a ruling on its pending motion for summary judgment, Filing No. 16. It contends it has expended considerable time and expense in discovery and argues the plaintiff seeks to avoid an adverse judgment. Union Pacific further requests the Court award Union Pacific its taxable costs if the plaintiff's motion is granted.

The plaintiff has an unfettered right to dismiss, without court approval, before the opposing party files an answer or with a stipulation signed by all parties. Fed. R. Civ. P. 41(a)(1)(i) & (ii). Rule 41(a)(2) dismissals, which apply once an answer or motion for summary judgment has been served, are contested dismissals that require a district court's approval and a court order. *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017); Fed. R. Civ. P. 41(a)(2). "Rule 41(a)(2)'s purpose 'is primarily to prevent voluntary dismissals which unfairly affect the other side.'" Adams, 863 F.2d at 1079 (quoting *Paulucci v. Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)). A "'[v]oluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal.'"

*Id.* (quoting *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993)).

If the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. *Beavers v. Bretherick*, 227 Fed. App'x 518, 520 (8th Cir. 2007) Under some circumstances, the trial court may require that a Rule 41(a) dismissal be granted with prejudice. *See, e.g., Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998) (refusal to dismiss without prejudice not abuse of discretion when defendant had expended considerable time and money defending suit, plaintiff had not been diligent, plaintiff's claims were precluded by law, and defendant had moved for summary judgment); *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1263 (8th Cir. 1993) (observing that if a defendant demonstrated a valid defense to a plaintiff's claims, a district court would abuse its discretion by granting a plaintiff's motion to voluntarily dismiss without prejudice).

In exercising its discretion to determine whether to grant a motion to voluntarily dismiss without prejudice under Fed. R. Civ. P. 41(a)(2), a district court should consider the following four factors: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Paulucci,* 826 F.2d at 783 (8th Cir. 1987); *see also Adams,* 863 F.3d at 1080 (noting that in determining a contested motion for voluntary dismissal under Rule 41(a)(2), a district court should consider factors such as whether the party has presented a proper explanation for its

desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants).

In view of the fact that the plaintiff seeks a dismissal with prejudice, the defendant's objections are unavailing. Consideration of the defendant's motion for summary judgment would be a superfluous expenditure of judicial time and effort. However, the Court finds that taxation of costs against the plaintiff is appropriate under the circumstances of this case. Accordingly, the Court finds that the plaintiff's motion to dismiss with prejudice should be granted, and the Court will also grant the defendant's request for taxation of costs. Therefore,

IT IS ORDERED that

1. The plaintiff's motion to dismiss (Filing No. 21) is granted.
2. The defendant's objection thereto is (Filing No. 23) is overruled.
3. The defendant's motion for summary Judgment (Filing No. 16). denied as moot.
4. Costs will be taxed in favor of the defendant; the defendant shall file a bill of costs within 30 days of the date of judgment.
5. A judgment will be entered in accordance with this Memorandum and Order.

Dated this 3rd day of April, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge